Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Joan T. Bell,** an individual; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **FMA Alliance, Ltd.,** a Texas limited partnership; | |
| Defendant. | (Jury Trial Demanded) |

Plaintiff, Joan T. Bell, by and through counsel undersigned and in good faith, alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and / or abusive debt collection practices in violation of the FDCPA. Plaintiff accordingly seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II. STATUTORY STRUCTURE OF FDCPA.

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

## III. JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under

15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## IV. PARTIES

9. Plaintiff is a citizen of Maricopa County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA §1692a(3).

11. Defendant FMA Alliance, Ltd. ("FMA") is a Texas limited partnership registered with the Arizona Secretary of State to conduct business within the state.

12. FMA regularly collects or attempts to collect debts owed or asserted to be owed or due another and is a "debt collector" as defined by FDCPA §1692a(6).

13. FMA is licensed as a collection agency by the Arizona State Banking Department, license number 0903414.

## V. FACTUAL ALLEGATIONS

14. On December 27, 2005, at approximately 11:00 a.m., Plaintiff received a telephone call on her cellular phone from an FMA collector.

15. The FMA collector told Plaintiff she was calling about a debt owed to Discover Card.

16. This telephone call was the first communication received by Plaintiff from FMA concerning the Discover debt.

17. During this call, the FMA collector did not inform Plaintiff that she was attempting to collect a debt and that any information obtained will be used for that purpose as required by FDCPA § 1692e(11).

18. On December 27, 2005, at approximately 11:45 a.m., an FMA collector

1  telephoned Plaintiff's neighbor and told her that Plaintiff was doing some
2  work for her and that she needed to get a hold of Plaintiff as soon as possible.
3  This statement was false.  The collector then asked the neighbor to give
4  Plaintiff a message to call Quanisha Jones at (281) 658-7934.  When asked
5  how she got her phone number, the collector said that she got it from the
6  internet.

7  19.  Shortly thereafter, Plaintiff's neighbor delivered a note to Plaintiff with the
8  name Quanisha Jones and the phone number (281) 658-7934 written on it. (A
9  copy of the note is attached hereto as Exhibit A and incorporated herein). The
10  neighbor also told Plaintiff what she had been told by the FMA collector.

11  20.  Plaintiff immediately returned the call to Quanisha Jones at (281) 658-7934
12  and told her not to call her neighbors anymore.  The collector told Plaintiff that
13  in fact "they would be calling everyday."  Plaintiff again told the collector not
14  to call her neighbors and the conversation eventually turned into a screaming
15  match and Plaintiff hung up.

16  21.  Later that day Plaintiff received a letter from FMA concerning the Discover
17  Card debt.

18  22.  On December 28, 2005 Plaintiff again received two telephone calls from FMA
19  at approximately 12:00 p.m. and 2:00 p.m.

20  23.  On December 29, 2005, Plaintiff received another telephone call from FMA.

21  24.  Upon information and belief, Defendant's collection practices regularly
22  include harassing consumers by telephone.

23  25.  As a result and proximate cause of Defendant's actions, Plaintiff has suffered
24  actual damages.  These damages include, but are not limited to, humiliation,
25  embarrassment, and other emotional distress.

26  26.  Defendant's actions were intentional, willful, and in gross or reckless disregard

1. of the rights of Plaintiff and as part of its persistent and routine practice of debt collection.

27. In the alternative, Defendant's actions were negligent.

## VI. CAUSES OF ACTION

### a. Fair Debt Collection Practices Act

28. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

29. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692d(5), 1692e, 1692e(10), and 1692e(11).

30. As a direct result and proximate cause of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages for which Defendant is liable.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to §1692k;

b) Actual damages in an amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

/ / /

/ / /

1
2   DATED    December 29, 2005    .
3
4                                       s/ Floyd W. Bybee
                                     Floyd W. Bybee, #012651
5                                    **FLOYD W. BYBEE, PLLC**
                                     2173 E. Warner Road, Suite 101
6                                    Tempe, Arizona 85284
                                     Office:  (480) 756-8822
7                                    Fax: (480) 756-8882
                                     floyd@bybeelaw.com
8                                    Attorney for Plaintiff
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*[signature]*

Quanisha Jones
281 658
7934

Exhibit A